**Bruce Lee BEARD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15673.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

Bruce Lee Beard was convicted of the offense of Burglary in the Second Degree; his punishment was fixed at two (2) years imprisonment; and he appeals. Affirmed.

Don Anderson, Public Defender Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen. of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge:

Bruce Lee Beard, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County of the offense of Burglary in the Second Degree, his punishment was fixed at two (2) years imprisonment and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that on September 10, 1969, Elmer Gentry operated a service station at 2425 North Walker in Oklahoma City, Oklahoma. He testified that he locked the station about 8:00 P.M. He knew defendant, who had worked for him there during two previous periods. About 1:00 A.M. the following morning, he received a call from the police and went to his station. He found a broken window and saw defendant in police custody (R. 9). Four (4) checks were missing from his check book.

Kenneth Schoonover of the Oklahoma City Police Department testified that in the early morning of September 11, 1969, he was cruising the vicinity of 2425 North Walker, put a spotlight on the station, and, observing a broken window and a car pull-

ing away, he dismounted while his partner pursued the car. Schoonover looked at the broken window, then went around to the rear of the station, and on returning to the front saw defendant walking south from the driveway of the station. He saw some checks protruding from defendant's shirt pocket bearing the name and address of Gentry Service Station, whereupon he arrested defendant. He identified the checks.

Defendant testified that he was in the vicinity of the station about 1:00 A.M. that morning. He had been first at the Faro Lounge, then Lee's Lounge, then the Merry-Go-Round Lounge which is just a block north of the station. He was looking for his wife at the last named lounge, and not finding her, was walking south past the station on his way home. He had found the checks behind two parked cars at the Merry-Go-Round, and upon seeing Gentry's name had picked them up. He denied breaking the window or knowing it was broken. He admitted a prior federal conviction for forgery.

The first proposition contends that the verdict is not supported by evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

The next proposition asserts that the punishment is excessive. This assertion is patently frivolous in that the punishment imposed is the minimum provided by law.

The record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the Judgment and Sentence should be and the same is affirmed.

NIX and BRETT, JJ., concur.